NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-010-HRW

WILLIAM J.R. EMBREY                                        PETITIONER

VS:                 **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY, Warden                                     RESPONDENT

\*\*    \*\*    \*\*    \*\*    \*\*

William J.R. Embrey, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Correctional Institution in Ashland, Kentucky, has paid the District Court filing fee and submitted a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241.

This matter is before the Court for the screening of the Petition. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002). As Embrey is appearing *pro se,* his Petition is held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

## CLAIMS

Petitioner claims that his current incarceration is in violation of his rights guaranteed by the

U.S. Constitution: the Fifth Amendment guarantee of due process; the Second Amendment; and the Fourth Amendment.

## FACTUAL ALLEGATIONS

Petitioner states that he is "by force, involuntarily held by Warden E.K. Cauley . . . [with] invalid and unlawful documents." He presents no more facts. His 6-page "petition" is best described as a brief treatise on the importance of the Constitution's first eight amendments and the duty of the courts to protect citizens' liberty.

## DISCUSSION

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted).

This Court is not required to create a claim for a litigant. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985); *Shipp v. Richardson*, 2008 WL 2358859, *1 (W.D.Ky. 2008) (not reported).

Would-be Petitioner Embrey has provided insufficient facts for his cause of action to go forward. When a plaintiff or petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto,

but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient to state a claim. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     William J.R. Embrey's Petition for Writ of Habeas Corpus is **DENIED**; and

(2)     this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This February 11, 2009.

Signed By:
**Henry R Wilhoit Jr.**
United States District Judge